UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

PARIS WINSTON STEWART,

Defendant.

Case No. CR07-211RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE

This matter comes before the Court on Defendant's 18 U.S.C. § 3582(c)(2) "Motion to Reduce Sentence" (Dkt. # 104). Defendant asks the Court to reduce his 84-month sentence to 63 months pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, and Amendment 750 to the United States Sentencing Guidelines. The Court GRANTS the motion IN PART. Defendant's sentence is reduced to 76 months.

## I. BACKGROUND

Defendant pleaded guilty on September 28, 2007, to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Dkt. ## 65, 67, 71. In his plea, he acknowledged and stipulated that he had distributed at least 83.8 grams of crack cocaine. Dkt. # 67. The charge carried a five-year minimum mandatory term.

At sentencing, the Court determined that Defendant's drug quantities resulted in a base offense level of 30 under the U.S.S.G. § 2D1.1 Drug Quantity Tables then in effect. Adjusting downward for Defendant's acceptance of responsibility, the Court scored Defendant's net offense level at 27. With a criminal history category of II, Defendant's

ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE - 1

range under the Guidelines was 78 to 97 months. U.S.S.G. Sentencing Table. Noting that Defendant had involved his son in the trafficking of drugs[1] and had used the home of his disabled sister to sell drugs, the Court sentenced Defendant to an 84-month custodial term. Dkt. # 104-2 at 14–16.

## II. DISCUSSION

### A. Eligibility

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009); see U.S.S.G. § 1B1.10(a) (the policy statements).

In this case, the parties agree that Defendant satisfies both prongs. Defendant was sentenced pursuant to § 2D1.1, which was amended by Amendment 750 on November 1, 2011. As revised, Defendant's offense would now score as a 26, resulting in a net offense level of 23. § 2D1.1(c)(7) (providing a base offense level of 26 for a crime involving at least 28 grams of cocaine base but less than 112 grams of cocaine base); § 1B1.10 ("[T]he court shall substitute only the amendments listed in subsection (c) . . . and shall leave all other guideline application decisions unaffected."). His sentencing range would thus fall to 53 to 63 months, U.S.S.G. Sentencing Table, but the five-year minimum mandatory term would still apply. United States v. Baptist, 646 F.3d 1225, 1227–29 (9th Cir. 2011) (per curiam).

---

[1] The Court sentenced Defendant's son earlier that day to a 78-month term, departing downward from the applicable Guidelines range of 100 to 125 months.

**B. Discretion**

Having determined that Defendant is eligible for a reduction, the Court must consider whether a reduction is "warranted in whole or in part under the particular circumstances of the case." Dillon v. United States, 130 S. Ct. 2683, 2692 (9th Cir. 2010). In doing so, the Court must consider the familiar 18 U.S.C. § 3553(a) factors, § 3582(c)(2), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and "may consider post-sentencing conduct." § 1B1.10 cmt. 1.

The Court has again considered each of the § 3553(a) figures. And, again, three circumstances remain at the forefront. The first is Defendant's involvement of his son in his offenses. As the Court told Defendant at sentencing, "that is a violation of your trust as a parent" that supports greater punishment. Dkt. # 104-2 at 15; see United States v. Salcido-Corrales, 249 F.3d 1151, 1156 (9th Cir. 2001) ("We do not find it improper for a district court to find particularly blameworthy the fact that a parent has brought his child into a criminal enterprise, and to rely on that fact as a basis for an upward departure."). The second is Defendant's violation of the trust of his disabled sister, and the third is the need for the sentences to be proportional.

These concerns still resonate with the Court. As noted, the Court had departed substantially below the Guidelines in sentencing Defendant's son. It declined to do that in Defendant's case, making the point that Defendant bore a great deal of responsibility for his son's predicament and was thus deserving of a higher sentence.

Still, the Court recognizes that Defendant has shown both a desire and an intent to break with his past. He has completed several drug education programs, has been promoted to lead cook at Camp Sheridan, and has been studying for his general education diploma. Dkt. # 104-3. The Court hopes that these steps prove to be just the first of many in a successful and happy future life.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO REDUCE SENTENCE - 3

Accordingly, on balance, the Court finds that "the particular circumstances of the case" warrant a reduction "in part." Dillon, 130 S. Ct. at 2692. The Court exercises its discretion to reduce Defendant's sentence to 76 months.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion is GRANTED IN PART. Pursuant to § 3582(c)(2), Defendant's imposed sentence of imprisonment is reduced to 76 months. The Court directs Defendant to provide chambers with an amended judgment order form reflecting this change.

DATED this 22nd day of March, 2012.

Robert S. Lasnik
United States District Judge